# Turner v. The State.

## Murder.

(Decided April 7, 1909. 49 South. 304.)

1. *Appeal and Error; Harmless Error; Challenge of Juror.*—Where the record shows that a disqualified juror was peremptorily challenged by the defendant, and that when the jury was completed, the defendant's peremptory challenges had not been exhausted, if it was error to deny defendant's right to challenge the juror for cause, it was error without injury.

2. *Trial; Reception of Evidence; Order of Proof.*—It was within the discretion of the court to require a defendant to proceed with the examination of his witnesses, where the state had examined all of the witnesses but one, who was not present, and after the defendant had finished examining his witnesses, to permit the state to examine the absent witness on his arrival.

3. *Appeal and Error; Review; Discretion of Court.*—Unless it appears that injustice has been done, resulting in injury to the defendant, this court will not review the exercise of the discretion in the trial court to direct the order of proof in the examination of witnesses.

4. *Charge of Court; Asserting No Proposition of Law.*—The court will not be put in error for refusing instructions asserting no proposition of law.

5. *Same; Misleading Instructions.*—The trial court will not be put in error for giving or refusing instructions which are merely misleading.

6. *Homicide; Manslaughter; Absence of Malice; Statutes.*—Section 7090, Code 1907, merely distinguishes the different degrees of manslaughter, but does not undertake to define manslaughter, and must be read in connection with the common law manslaughter, so that under it, manslaughter in the first degree is the unlawful and felonious killing of another, without malice express or implied by voluntarily depriving one of life.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Jim Turner was convicted of murder in the second degree, and appeals. Affirmed.

The following charges were refused to the defendant: "(3) Gentlemen of the jury, I charge you that there is no evidence of a conspiracy on the part of defendant and Lottie Turner and Fancy Anderson to kill Enos Johnson. (4) Manslaughter in the first degree consists in voluntarily and unlawfully depriving a human being of life; and should you believe from the evidence that the defendant did voluntarily and unlawfully contribute to the death of Enos Johnson, but further find that his act was without willfulness, deliberation, premeditation, or malice aforethought, then he could not be convicted of murder in either degree, but only of manslaughter."

GEORGE P. JONES, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State. Attorney General confesses error for a failure of the court to permit the juror Rhodes to be challenged. The order of introducing evidence was in the discretion of the court.—*Drum v. The State,* 83 Ala. 386; *Dyer v. The State,* 88 Ala. 229; *Phenix I. Co. v. Moog,* 78 Ala.

[Turner v. The State.]

309.  Charge 3 was properly refused.—*Ex parte Bonnar,* 100 Ala. 114.  Charge 4 was properly refused.—*Rodgers v. The State,* 117 Ala. 9.

SIMPSON, J.—The appellant was convicted of the crime of murder in the second degree.  While it was error to refuse to allow the defendant to challenge the juror C. S. Rhodes for cause, because of his having been on the jury which had tried another person jointly indicted with the defendant, yet it was error without injury, as the record shows that the defendant challenged said juror peremptorily, and that, when the jury was formed the defendant had not exhausted his right to peremptory challenges.

The state having examined all of its witnesses except one, who had not arrived, it was not error for the court to rule that the defendant would proceed to examine his witnesses, and to allow said state witness to be examined when he arrived.  The order of the introduction of witnesses is within the discretion of the trial court, and this court will not revise his discretion, unless it appears that injustice has been done, to the injury of the defendant.—*Drum v. Harrison,* 83 Ala. 386, 3 South. 715; *Dyer v. State,* 88 Ala. 229, 7 South. 267; *Phoenix Ins. Co. v. Moog,* 78 Ala. 309, 56 Am. Rep. 31.

Charge 3, requested by the defendant, does not contain any principle of law, and the court cannot be placed in error for refusing to give it.—*Dorough v. Harrington & Sons,* 148 Ala. 307, 311, 312, 42 South. 557; *Jefferson v. State,* 110 Ala. 89, 91, 92, 20 South. 434; *So. Coal & C. Co. v. Swinney,* 149 Ala. 406, 409, 415, 42 South. 808.

Charge 4, requested by the defendant, was properly refused.  While it is true that section 7090 of the Code of 1907 makes no mention of the absence of malice, yet it does not undertake to define manslaughter, but merely

to distinguish the different degrees of manslaughter. Reading the said section in connection with the common law, manslaughter in the first degree is the unlawful and felonious killing of another, without any malice, express or implied, by voluntarily depriving him of life.—*Clarke v. State,* 117 Ala. 1, 8, 23 South. 671, 67 Am. St. Rep. 157.

In addition, it may be said that the remaining part of the charge is misleading, in that the jury might be led to believe that the absence of any one of the ingredients mentioned, though all of the others existed, might reduce the offense from murder to manslaughter.

The judgment of the court is affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.