**VOSS v. STATE. (7 Div. 268.)**

(Court of Appeals of Alabama. June 15, 1926. Rehearing Denied June 29, 1926.)

**1. Criminal law ⬚789(15).**

In prosecution for manufacturing whisky, refusal to charge jury to acquit, if there was probability of defendant's innocence, was not error.

**2. Criminal law ⬚789(15).**

In prosecution for manufacturing whisky, refusal of charge that reasonable probability of defendant's innocence would be just foundation for reasonable doubt authorizing acquittal was not error.

**3. Criminal law ⬚789(15), 815(9) — Charge that, although there might not be probability of innocence, reasonable doubt might exist, entitling defendant to acquittal, properly refused as argumentative and not predicated on evidence.**

In prosecution for manufacturing whisky, instruction that, although there might not be probability of innocence, reasonable doubt might exist entitling defendant to acquittal, was properly refused as argumentative and not predicated on evidence, especially in view of careful charge as to burden of proof.

**4. Criminal law ⬚763, 764(8) — Instruction to acquit, if defendant was merely present at still and ran on approach of officers, was properly refused as invading jury's province.**

In prosecution for manufacturing whisky, requested instruction to acquit, if jury believed beyond reasonable doubt that defendant was merely present where still was being operated and ran on approach of officers, invaded province of jury, and was properly refused.

**5. Criminal law ⬚813—Instruction that first count of indictment covered offense of manufacturing whisky, a felony, and also attempting to manufacture it, a misdemeanor, was properly refused as abstract.**

In prosecution for manufacturing whisky, requested instruction that first count of indictment covered offense of manufacturing whisky, a felony, and also offense of attempting to manufacture whisky, a misdemeanor, was abstract and properly refused.

**6. Criminal law ⬚1056(1).**

Where no exception appears to explanation of given charge, nothing is presented for review on appeal.

Appeal from Circuit Court, Cleburne County; R. B. Carr, Judge.

Jack Voss was convicted of manufacturing whisky, and he appeals. Affirmed.

Certiorari refused by Supreme Court, 109 So. 892.

These charges were refused to defendant:

"D. The court charges the jury, if there is a probability of defendant's innocence, the jury must acquit him."

"7. If there is a reasonable probability of the defendant's innocence, then this is a just foundation for a reasonable doubt, and authorizes an acquittal."

"9. Although there may not be a probability of innocence, a reasonable doubt may exist which would entitle the defendant to an acquittal."

"11. If the jury believes from all the evidence beyond a reasonable doubt that the defendant was merely present at or where a still was being operated and ran upon the approach of the officers, then you should acquit him."

"18. The court charges the jury that count 1 of the indictment covers the offense of manufacturing whisky, a felony, and also the offense of attempting to manufacture whisky, a misdemeanor."

Hugh Walker, of Anniston, for appellant.

Charges D and 7 are correct, and should have been given. Gainey v. State, 141 Ala. 72, 37 So. 355; Mims v. State, 141 Ala. 93, 37 So. 354; Whitaker v. State, 106 Ala. 35, 17 So. 456; Shaw v. State, 125 Ala. 81, 28 So. 390. Charge 9 is likewise good. Fealy v. Birmingham, 15 Ala. App. 367, 73 So. 296. It is the duty of the trial court to give or refuse charges in the terms in which they are writ-

ten. Code 1923, § 9509. It was not necessary that an exception be reserved to statement of the court explaining charge 12. Roberson v. State, 175 Ala. 15, 57 So. 829.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The two exceptions reserved by the defendant to the rulings of the court are examined and found to be without merit.

[1, 2] As contended by appellant, refused charges D and 7 were several times held to be good and their refusal reversible error, but, since the case of Edwards v. State, 205 Ala. 160, 87 So. 179, these and similar charges, in many adjudicated cases, have been held to be bad.

[3] Refused charge 9 was held in Fealy v. City of Birmingham, 15 Ala. App. 367, 73 So. 296, to state a correct proposition of law arguendo. We are in accord with that holding, and that therefore the charge was properly refused, because it was argumentative. Moreover, in view of the very careful and explicit charge of the court as to the burden of proof resting on the state, we hold that the refusal of charge 9 could not have injuriously affected defendant's substantial rights. Again the charge was not predicated on the evidence, and, under the Edwards Case, supra, for that reason was properly refused.

[4] Charge 11 was invasive of the province of the jury. Presence at a still which is in operation, coupled with the unexplained flight of defendant, may be sufficient upon which the jury can base a verdict of guilt.

[5] Refused charge 18 was abstract.

[6] No exception appears to the explanation of given charge 12, and hence there is nothing here for review.

We find no error in the record, and the judgment is affirmed.

Affirmed.