114 So.2d 164

**Charles TRIMBLE**

v.

**STATE.**

**7 Div. 544.**

Court of Appeals of Alabama.

June 9, 1959.

Rehearing Denied June 23, 1959.

Pilcher & Floyd, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

The grand jury of Etowah County indicted Trimble for the first degree murder of George Augustus ("Shankie") Lee by shooting him to death with a shotgun. This appeal is from a judgment of guilt of voluntary manslaughter carrying five years' imprisonment.

The tendencies of the State's case were:

January 11, 1956, Mr. J. F. Bankson, a Gadsden policeman, went to Shankie's home and found him there just inside the front door lying on his back with his legs folded under his body. There was a wound on the left side of the chest just below the collar bone. Mr. Bankson described Shankie as being in a very bloody condition.

The officers then went to Trimble's home immediately to the rear and brought Trimble back to Shankie's house.

Bankson testified that Trimble, under no inducement, stated to him that he knew why the two policemen were at his house, and that he had shot Shankie. Trimble went on to say, "You know how it is when a man owes you some money." During the course of this conversation, Trimble handed over a single barreled 410 gauge shotgun with which he had killed Shankie.

The coroner testified that, upon his arrival at Shankie's house, he found him dead with a shotgun wound in his chest.

Later at the city hall, Trimble told the coroner that he and Shankie had been in a dice game. Shankie took some money away from Trimble "on a fast shot." Trimble went home, got his gun, loaded it up, and came back and later shot Shankie.

Shankie had a butcher knife in his right rear pocket, but there was no evidence, either on direct or cross-examination, that he tried to use this knife on Trimble.

The gist of Ethel Moore's testimony was that when Trimble came into the house she was sitting on the sofa beside Shankie. Trimble stood over Shankie and pointed his gun at him. Shankie said, "Man break that thing down," seemingly meaning for Trimble to breach the gun. Trimble then said, "O. K. man," but instead of breaking the gun, shot Shankie.

Shankie jumped up and said, "Man you shot me." Apparently Shankie had enough life in him to grapple with Trimble, though we are not told how long this struggle continued.

The case for the defense was made out by cross-examination and by the testimony of ten character witnesses.

Three questions are raised by objections made during the course of the reception of evidence or by way of motion for a new trial. *First,* whether it was error to admit testimony as to Trimble's confession before proof that Shankie had been slain; *second,* whether Trimble's confessions were properly admissible because he was not given any warning that any statement he made could be used against him; and *third,* whether Trimble was prejudicially hurt because the jury separated at lunch time and during all recesses.

There were a number of written requested charges which were refused by the trial judge which we shall also consider herein.

■ The order of proof requires evidence of the corpus delicti before a confession should be admitted. However, variance from this order is curable. Wise v. State, 251 Ala. 660, 38 So.2d 553, 554, discusses the right of the State to meet all expected defense theories and says the State "must prove that some one killed deceased, before the confession is admissible."

In Cooley v. State, 233 Ala. 407, 171 So. 725, 726, we find:

"* * * Usually the court will decline to receive evidence of * * * a confession until such proof [of corpus delicti] is made, but, if it is admitted and later the preliminary proof is supplied, there is ·no harm done, and the error, if any, is cured. * *" (Bracketed matter added.)

See also Phillips v. State, 248 Ala. 510, 28 So.2d 542.

■ The State's witness, Ethel Moore, gave sufficient evidence of the shooting and Trimble's criminal agency to make a prima facie case when coupled with the coroner's testimony as to the death being caused by the shotgun wound. Hence, though the corpus delicti had not been shown when Mr. Bankson related Trimble's admissions, the later evidence filled the gap.

The trial judge let testimony of Trimble's confessing come in subject to later proof of death and circumstances implying murder or manslaughter. We see no harm in this exercise of the court's discretion. Cooley v. State, supra, noted at 45 A.L.R. 2d 1340.

■ Charge 4 (based on the supposed need to warn a prisoner that his answers may be used against him) in Golson v. State, 124 Ala. 8, 26 So. 975, was held properly refused. Proof of giving such a caution helps show the accused spoke of his free will, but a warning is not indispensable.

Trimble, citing Myhand v. State, 259 Ala. 415, 66 So.2d 544, claims the State is required to account for the treatment accorded him from the time he was first taken into custody until after he confessed.

We do not read the Supreme Court as laying down that the State must in all cases furnish such extensive proof. Rather a showing of voluntariness suffices, and thereafter the defendant can conduct a voir dire questioning, as did Trimble's counsel here.

On the hearing of Trimble's motion for new trial, the State put every juror on the stand. Each one testified no one spoke to him and he spoke to no one concerning the case. This evidence was sufficient to rebut the presumption of improper influence which attends the separation of a jury in a felony trial. Davis v. State, 209 Ala. 409, 96 So. 187; Wright v. State, 38 Ala.App. 64, 79 So.2d 66; Beasley v. State, 39 Ala.App. 182, 96 So.2d 693; Golden v. State, 39 Ala.App. 361, 103 So.2d 52.

Refused charge 1, that good character (alone) may suffice to create a reasonable doubt, has been disapproved as overemphasizing good character and as ignoring the other proof. Pate v. State, 150 Ala. 10, 43 So. 343, which overruled Fields v. State, 47 Ala. 603; Gettings v. State, 249 Ala. 87, 29 So.2d 683, followed the same rule. Refused charges 15 and 21 are bad for the same reasons.

Refused charge 3, that though there may be no probability of innocence, yet a reasonable doubt of guilt in the minds of the jury imposes a duty to acquit, was held bad in Voss v. State, 21 Ala.App. 481, 109 So. 891, because it was argumentative.

Refused charge 4 has the same error found in charge D in Robinson v. State, 36 Ala.App. 604, 61 So.2d 140—the State used several witnesses here. Refused charge 25 has the same vice.

Refused charge 5, virtually identical with charge 4 in Green v. State, 263 Ala. 324, 82 So.2d 418, was argumentative. Clark v. State, 36 Ala.App. 159, 57 So. 2d 375.

The trial judge gave Trimble's charges 2 and 11 as to the efficacy of proof of good character when taken with the rest of the evidence to work an acquittal. Hence, under Code 1940, T. 7, § 273 (4th sent.), he had no duty to give charges 6, 7, 12, 13, 14, 19, 20, and 22.

Refused charge 18 (shooting must be intentional) is the same as charge 1 in Bynum v. State, 8 Ala.App. 79, 62 So. 983. Refused charges 8 and 17 (accidental shooting) resemble charge 2 in that case.

Here, Trimble pointed a shotgun at Shankie. This was a misdemeanor. Code 1940, T. 14, § 167.

The Bynum charges would be misleading under the present facts.

Affirmed.