191 So.2d 230

**Irby C. CASH**

v.

**STATE.**

**7 Div. 790.**

Court of Appeals of Alabama.

Aug. 16, 1966.

Rehearing Denied Sept. 19, 1966.

---

4. Code 1940, T. 14, §§ 331 and 334. Cf. Act No. 180, approved February 20, 1875 (Acts 1874–75, p. 259).

Loma B. Beaty, Fort Payne, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the July term of the DeKalb County Grand Jury in 1963 and charged with unlawfully and intentionally, but without malice, killing Reuben Traffanstedt by running an automobile upon, over or against him contrary to law and against the peace and dignity of the State of Alabama. Appellant was tried in the DeKalb County Circuit Court on February 25, 1964, and convicted of the offense of Manslaughter in the Second Degree and sentenced to six months hard labor as punishment therefor. Hence, this appeal.

Norman Clanton, son-in-law of the deceased, testified that on October 9, 1962, he saw a flash about 200 yards away. He drove toward it and arrived at the scene of the accident three or four minutes later. He said that he found that deceased had no pulse or heartbeat and, in his opinion, was dead and that he then went to the other automobile and found appellant pinned in the wreckage and that he used a jack-handle to prise the seat loose to pull him from his automobile. Dr. James A. Walker, a qualified physician from Fort Payne, testified that deceased had died of multiple head injuries.

State Trooper Bill Stone testified that on October 9, 1962, he investigated an automobile accident in which Reuben Traffenstedt was killed. He identified several photographs and stated that they accurately portrayed the positions of the two automobiles as he found them immediately following the accident. Mr. Stone stated that he determined the point of impact and that appellant's automobile was over in the left-hand lane going South at the time of impact; that the right front wheel was two and one-half feet from the center line; that the rear wheels were three feet from the center line; that there were no skid marks; and that the road was straight. On cross-examination, Mr. Stone testified that, by making a radio call to the Gadsden office of the highway patrol, he had refreshed his recollection of the distances by checking the evidence he formerly ascertained in his original investigation.

Appellant testified that he saw deceased's automobile going from one side of the road to the other; that when the two automobiles were close together deceased pulled over on appellant's side of the road after which appellant pulled over on deceased's side and slowed down and then deceased pulled back over in front of appellant's car. Appellant stated that he had almost stopped when the two automobiles collided. He denied that he had been drinking on the day of the accident.

Appellant contends in his motion for a new trial that there was a separation of the jury during the noon recess. During the hearing on the motion for a new trial, it was established that due to a failure to properly instruct the deputies, jurors in two automobiles were carried to a restaurant and then notified that they were to go to another restaurant on the other side of town and eat lunch with the sheriff and the jurors who were with him.

All twelve jurors testified that they did not talk to anyone about the trial outside the presence of the judge, the other jurors, the appellant and his attorney. Such evidence affirmatively establishes that the separated juror or jurors were subject to no influences or contacts that might have influenced their verdict. Trimble v. State, 40 Ala.App. 354, 114 So.2d 164, cert. den. 269 Ala. 700, 114 So.2d 168; Golden v. State, 39 Ala.App. 361, 103 So.2d 52.

After the jurors had eaten lunch and before the continuance of the trial, some of the jurors sat down in the jury box and the others were in the jury room. Mr. Burl Hagler, who was in the jury box, testified that Patrolman Stone walked over and asked him if he was still working at the steam plant at Widow's Creek and that he replied that he was. Mr. Hagler stated that Stone did not discuss the case. Only four jurors other than Hagler remembered being in the jury box at the time of this conversa-

---

tion. One juror said that he didn't hear what was said and that Stone did not talk to to him. One said that Stone didn't say anything to him. One was never questioned as to the conversation and the remaining juror testified that he recalled Mr. Stone's asking Mr. Hagler "something about working" but that Stone didn't say anything to any of the jurors about the case.

We can see no possible injury to the appellant because of the circumstances outlined above. Hawkins v. State, 267 Ala. 518, 103 So.2d 158.

It clearly appears from the testimony of the jurors and Patrolman Stone that appellant's case was not discussed in the conversation. Indulging the presumptions in favor of the court's decision, we must hold that there was no error in overruling the motion for a new trial on this ground. Mullins v. State, 24 Ala.App. 78, 130 So. 527, cert. den. 222 Ala. 9, 130 So. 530; Adams v. State, 32 Ala.App. 367, 26 So.2d 216; Mead v. State, 35 Ala.App. 70, 43 So.2d 839.

The State introduced into evidence several photographs which clearly show the position and relation of the automobile driven by appellant to the automobile driven by deceased. Mr. Norman Clanton, the first person to arrive at the scene after the accident, testified that the photographs marked State's Exhibits Nos. 2, 4 and 6 were a true and accurate representation of the two cars as he saw them on that occasion and that he was there when the photographs were taken.

On voir dire examination, Mr. Clanton stated that the photograph marked Exhibit No. 6 was not what he saw when he went up there. This photograph showed several persons standing around the wrecked automobile and showed several automobiles parked across the road from the wrecked automobiles. Mr. Clanton testified that when he got there, no one else except deceased and appellant was there and that the cars parked across the road were not there.

Appellant contends that these photographs did not portray the scene as it was at the time of the accident. The photographs tended to shed light on the testimony of Mr. Clanton and Patrolman Stone and illustrate the truth of it and were properly admitted into evidence. According to Mr. Clanton's testimony, the photographs correctly depicted the scene of the accident at the time they were taken. May v. State, 42 Ala.App. 401, 166 So.2d 860, cert. den. 277 Ala. 700, 166 So.2d 865.

The fact that the photographs were made after appellant had been removed from his automobile and after persons and automobiles not involved in the accident were at the scene goes to the weight of the evidence in this case, not to its admissibility. McKee v. State, 253 Ala. 235, 44 So.2d 781.

The admission of testimony of Patrolman Stone as to the distance of appellant's automobile from the center line of the highway, if error, was harmless. The exact distance was never in dispute so, therefore, his testimony of the exact distance cannot be reversible error. Gettings v. State, 32 Ala.App. 644, 29 So.2d 677; Hubbard v. State, 35 Ala.App. 211, 45 So. 2d 795.

The fact in dispute was that appellant was in the lane to his left and not how far over he was in that lane. Appellant testified that when the two automobiles hit, he was on deceased's side of the road. Hunter v. State, 38 Ala.App. 351, 83 So.2d 737. Hubbard v. State, supra. The admission into evidence of this distance in question was not prejudicial error so as to affect the appellant's substantial rights. Supreme Court Rule 45, Code of Alabama, Tit. 7, Appendix.

In his motion for a new trial, appellant assigned as Ground No. 6 the following:

"For that the State so prejudiced the minds of the jury in arguing that the defendant was drinking, when there was no evidence to that effect, that this matter

**394**

could not be effectively erased from the minds of the jury."

■ Appellant states in his brief that the state solicitor, in his opening statement to the jury, contended that the appellant was drinking at the time the accident occurred. Appellant did not object in any manner to the language deemed objectionable except in his motion for a new trial. The record does not recite the opening statement of the solicitor. This court cannot determine with reasonable certainty what was said in the court below. Such statement cannot constitute reversible error. Flowers v. State, 269 Ala. 395, 113 So.2d .344.

Appellant on direct examination testified that at the time of the accident he was not intoxicated and that he had not been drinking anything that day. On cross-examination, he again testified that he was not drinking.

Appellant called Mr. Jones and Mr. McPherson as character witnesses. On cross-examination, Mr. Jones testified that he had heard that appellant drinks, that he has a reputation for drinking, but that he had not heard about him driving drunk. On cross-examination, Mr. McPherson also testified that he had heard about appellant's drinking.

There was no other evidence that appellant was intoxicated at the time of the accident.

In the solicitor's closing argument, the record shows the following:

Solicitor: "I submit to you that Surpy [appellant]—and I hope you observed him on the stand—He didn't know what happened. The only testimony about his drinking was from Mr. Beaty's [appellant's] own witnesses—"

Appellant's counsel: "There is no drinking—no testimony about any drinking involved in this accident and I object to the argument about it."

The Court: "The reputation is all."

 The testimony of the two character witnesses was that appellant did have a reputation for drinking. This testimony was admitted without objection. Garrett v. State, 215 Ala. 224, 110 So. 23. Therefore, this judgment will not be reversed because of these remarks of the solicitor.

This cause is due to be and the same is hereby

Affirmed.