261 So.2d 69

**James Foster CUNNINGHAM**

**v.**

**STATE.**

**3 Div. 83.**

Court of Criminal Appeals of Alabama.

April 11, 1972.

Joe B. Thompson, Jr., Brewton, for appellant.

William J. Baxley, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

TYSON, Judge.

On November 21, 1969, the appellant entered pleas of not guilty, and not guilty by reason of insanity. At trial the appellant stressed self-defense and unavoidable accident. The jury trial on June 17, 1970, resulted in a verdict and judgment of manslaughter in the first degree and fixed punishment at seven years imprisonment.

The State's evidence established that the appellant, James Foster Cunningham, killed his wife, Willie Mae Cunningham, by shooting her with a shotgun. According to the Toxicologist for the State, the gun was fired within two feet of the deceased, and the shot, which was the cause of death, entered her left side under the left arm.

A shotgun shell found at the scene was identified by Brewton Police Chief Glenn Holt as having been fired from the shotgun taken from the person of the appellant at the time of his arrest.

Police Sergeant Billy Earl Cook testified that upon arrival near the scene he heard a shot and found the person of the deceased "apparently dying" on the ground and picked up a shotgun shell close to her body. While searching the area, Sergeant Cook saw the appellant come out of the home of one Bertha Foster with the shotgun in question in his hand. He arrested the appellant.

Bertha Foster, a neighbor, testified that she saw the deceased and the appellant walking past her home and a few minutes thereafter heard a shot. Shortly thereafter the appellant came into her house with a shotgun in his hand and asked her to call the police, stating that he had shot the deceased. She advised that she did so and so advised the police.

The appellant presented the testimony of two doctors, Dr. Rowe and Dr. Condom of Searcy Hospital, who on two occasions examined the appellant following the transfer of the appellant to Searcy prior to trial under the directions of the trial court. Dr. Rowe testified that in his opinion the appellant was incompetent at the time of offense and was unable to distinguish right from wrong. Dr. Condom testified that he was unable to form an opinion as to the mental condition of the appellant at the time of the offense but did believe the appellant knew right from wrong, though on some occasions he was unable to adhere to the right. Dr. Condom stated that in his opinion the appellant was a schizophrenic paranoid.

The appellant, himself, testified that on the day in question his wife had telephoned

him to come over; that she wanted to see him. He testified that due to the fact he had trouble with third parties, he took the shotgun and four shells with him. He stated that he and the deceased left her place walking; that subsequently she grabbed him and tore the right sleeve of his sweater; and that he was scratched and cut from blows administered by the deceased. He further described a struggle over the shotgun which he contends was accidently discharged, resulting in the fatal wound. The appellant testified that he had been in a mental hospital in 1963 for eight weeks, and also had been admitted in 1965. The two doctors, previously mentioned, testified they had examined the appellant over a two and one-half year period prior to trial on order from the trial court.

## I

█ The appellant argues that because of the absence of other evidence of the appellant's insanity, the appellant was entitled to affirmative charge with hypothesis on this ground. The rule governing expert medical testimony on the issue of insanity has been stated by the Supreme Court of Alabama in George v. State, 240 Ala. 632, 200 So. 602, as follows:

"The opinion of expert witnesses as to insanity are not conclusive upon the jury; they are to be weighed like other evidence, such evidence being intended to aid the jury, and its value depending largely upon the intelligence, experience, honesty and impartiality of the witness. The jury may reject it all, though it is without conflict. McAllister v. State, 17 Ala. 434, 52 Am.Dec. 180; Parrish v. State, 139 Ala. 16, 36 So. 1012." Hockenberry v. State, 246 Ala. 369, 20 So.2d 533.

Under the above, we are of the opinion that the trial court correctly submitted this issue to the jury.

## II

█ Appellant's counsel next contends that due to a separation of the trial jury the cause should be reversed. At the noon recess, the members of the trial panel were placed in three separate automobiles and taken to one restaurant and allowed to have lunch, then returned to the courthouse. The distance from the courthouse to the restaurant was approximately three-tenths of a mile. Each member of the jury panel was sworn and asked if anyone had attempted to discuss the case with him or if they had discussed the case among themselves. Each replied "No." Each driver of the three cars in question was questioned and stated that there had been no conversations concerning the trial. Under these circumstances we are of the opinion that the State correctly established that no injury or prejudice to the appellant resulted, and that the trial court correctly denied the motion for a mistrial on this ground. Duke v. State, 257 Ala. 339, 58 So.2d 764; Cash v. State, 43 Ala.App. 390, 191 So.2d 230, cert. denied 280 Ala. 710, 191 So.2d 234; Trimble v. State, 40 Ala. App. 354, 114 So.2d 164, cert. denied 269 Ala. 700, 114 So.2d 168.

## III

█ The appellant, at the conclusion of the State's case, moved to exclude the State's evidence and subsequently requested the affirmative charge. The appellant contends the State failed to prove a prima facie case.

In Mount v. State, 32 Ala.App. 235, 24 So.2d 142, we find:

"Section 320 of Title 14, Code of Alabama 1940, defines manslaughter as follows: 'Manslaughter, by voluntarily depriving a human being of life, is manslaughter in the first degree; and manslaughter committed under any other circumstances is manslaughter in the second degree.' Thus manslaughter is not defined, except as to degrees. The section must be read in connection with the common law, which defines manslaughter in the first degree as the unlawful and felonious killing of another, without any malice, express or implied, by volun-

tarily depriving him of life. Turner v. State, 160 Ala. 55, 49 So. 304." See also Clarke v. State, 117 Ala. 1, 23 So. 671.

Our court in Kizziah v. State, 42 Ala. App. 303, 162 So.2d 889, defined "prima facie evidence" as follows:

" 'Prima facie evidence' means that which brings about a measure of proof which, unless it is self contradictory or is contradicted by the defense, would support the jury's inferring the existence of one or more elements of a crime."

We are of the opinion that the State here properly proved a prima facie case; hence the motion to exclude and affirmative charge were properly denied.

There being no error in the record, the judgment of the trial court is due to be and the same is hereby affirmed.

Affirmed.

PRICE, P. J., and CATES and ALMON, JJ., concur.