Second degree murder; sentence: twenty years imprisonment.
Pursuant to Rule 2 (b), Alabama Rules of Appellate Procedure, Rules 2 (a), 31 (a) and 31 (c) are hereby suspended and this cause restored ex mero motu to the rehearing docket of this Court.
On rehearing, it appears that this Court must determine if an appeal must be dismissed on failure of the appellant to file a brief, pursuant to Rules 2 (a), 31 (a) and 31 (c), A.R.A.P., or whether Title 15, § 389, Code of Alabama 1940 precludes such dismissal.
Upon reconsideration of this cause, § 389, supra, requiring that we search the record for error, appears to control. This is especially true in light of the flexibility given the appellate courts in the Rules of Appellate Procedure. It should be noted that Rule 2 (a)(2) states that an appeal may be dismissed for failure of the appellant to file a brief. Such dismissal is not mandatory. The Supreme Court likewise has applied the Rules with considerable flexibility. Pendleton v.State, Ala., 329 So.2d 144 (1976). *Page 92 
Title 15, § 389, supra, has long been construed to the effect that the filing of a brief is not essential to an appeal in a criminal case. Higginbotham v. State, 262 Ala. 236,78 So.2d 637 (1955).
Our prior opinion in this cause, dated April 20, 1976, is hereby withdrawn.
 ON REHEARING
Appellant was convicted of second degree murder for shooting his divorced wife in the back with a shotgun. The evidence is clear and uncontroverted that the shooting was the cause of death and that the appellant did the shooting. His chief defense was that of insanity.
 I
Appellant introduced testimony from two psychologists as to his insanity at the time of the offense. Likewise, lay witnesses were called in his behalf who testified as to appellant's unusual conduct after his wife left him. The State introduced lay witnesses who testified that the appellant appeared sane to them. Needless to say, the testimony concerning appellant's sanity was conflicting.
Title 15, § 422, Code of Alabama 1940, states:
 "Every person over fourteen years of age charged with crime is presumed to be responsible for his acts, and the burden of proving that he is irresponsible is cast upon the accused. The defense of insanity in all criminal prosecutions shall be clearly proved to the reasonable satisfaction of the jury." (Emphasis supplied.)
In Smith v. State, 54 Ala. App. 237, 307 So.2d 47 (1975), this Court stated:
 "Where, as here, the evidence is in conflict as to the defendant's sanity at the time of the alleged criminal homicide, such question, with proper instructions, is properly submitted to the jury. Divine v. State, 285 Ala. 488, 234 So.2d 28. In Cunningham v. State, 47 Ala. App. 730, 261 So.2d 69, this Court held that even though the only evidence presented regarding the defendant's sanity at the time of the commission of the homicide was that of one physician who testified that in his opinion the defendant was not entitled to the affirmative charge on that ground. Citing George v. State, 240 Ala. 632, 200 So. 602, the Court continued:
 `The opinion of expert witnesses as to insanity are not conclusive upon the jury; they are to be weighed like other evidence, such evidence being intended to aid the jury, and its value depending largely upon the intelligence, experience, honesty and impartiality of the witness. The jury may reject it all, though it is without conflict.' 47 Ala. App. at 733, 261 So.2d at 71. (Citations omitted). (Emphasis ours)."
In the instant case, the question of appellant's sanity was the subject of lengthy testimony. The trial judge gave a full and detailed charge to the jury on that issue and the jury, by its verdict, found adverse to the appellant.
 II
A color photograph showing the wound in the back of the victim was admitted into evidence over objection of the appellant. While the photograph showed an amount of blood and an open wound, it was properly identified and was illustrative of testimony concerning the location and nature of the fatal wound. The photograph was approximately 3 X 3 3/4 inches in size and was not enlarged in a manner so as to distort the subject or grossly magnify the wound. The fact that a photograph is gruesome is insufficient ground for its exclusion if, after proper authentication and identification, it tends to shed light on, strengthen, or illustrate the truth of other material testimony. 6 Ala. Digest, Criminal Law 438; Nichols v.State, 267 Ala. 217, 100 So.2d 750 (1958); McHugh v. State,53 Ala. App. 473, 301 So.2d 238 (1974). The trial judge was not in error in admitting the photograph in evidence. *Page 93 
We have searched the record pursuant to mandate of Title 15, § 389, supra, and find no error prejudicial to the appellant.
RULES SUSPENDED. OPINION WITHDRAWN. REHEARING GRANTED.
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ., concur.
CATES, P.J., not sitting.