MARION F. EDWARDS, Judge.
Defendant/appellant, Markus D. Lan-ieux (“Lanieux”), appeals his conviction of a violation of La. R.S. 14:108.1(C), aggravated flight from an officer. Lanieux was charged with the crime and entered a not guilty plea. Following a jury trial, Lanieux was found guilty as charged. The trial court sentenced him to imprisonment at hard labor for two years. On that same date, the State filed a multiple bill alleging Lanieux to be a third multiple offender. Lanieux denied the allegations. Those proceedings are the subject of a companion appeal.[1]
At trial, Officer Gregory Smith (“Officer Smith”) of the Kenner Police Department testified that, on November 11, 2008, at approximately 12:30 a.m., he was on patrol alone in his marked unit when he observed a vehicle driven by Lanieux, traveling on Kenner Avenue in Kenner, Louisiana. Lanieux ran a stop sign at Kenner Avenue and Maria Street. Officer Smith positioned his marked patrol unit behind Lan-ieux and activated his lights, and sirens in an attempt to stop him.
Lanieux started to slow down, but, as he did so, Officer Smith noticed that he was taking off his seatbelt. Officer Smith became concerned because that was usually an indication of someone who was about to flee or jump out of a car and |3run. Lan-ieux continued down Kenner Avenue, turned right onto Williams Boulevard, and traveled southbound toward the river. When Lanieux first made the turn onto Williams, he was in the southbound lanes; however, as he and Officer Smith crossed over a railroad track, he went over into the northbound lanes.
When Lanieux got to Third Street, he ran the red light and turned west. Officer Smith followed behind him on Third Street for a while. While on Third Street, Officer Smith looked at his speedometer and saw that he was driving 95 miles per hour, even though the speed limit on Third Street was 30 miles per hour. Even at 95 miles per hour, Lanieux was still pulling away from Officer Smith. During the pursuit on Third Street, Lanieux passed vehicles and forced one off of the roadway into the grass.
As Officer Smith continued to follow Lanieux, he became nervous because he noticed an apartment complex up ahead where teenagers and older people gathered outside at night. Therefore, Officer Smith slowed down a little bit. As they approachéd Plantation Drive, Officer Smith saw Lanieux’s brake lights. At that point, Officer Smith started to advance on Laniéux again. When he got to Plantation Drive, Lanieux turned and went all the way down to a dead-end cross street called Edge Court.
*608 Lanieux jumped out of his vehicle at the intersection of Plantation Drive and Edge Court and began running. When he jumped out, he left his car running, and the car traveled forward striking a mailbox. Officer Smith put his vehicle in park, jumped out, and started pursuing Lanieux on foot. During the foot pursuit, Lanieux ran westbound on Edge Court on the front lawns. He tripped and fell, and an object that looked like a pistol flew out of his hand. The officer later discovered that the object was a lighter shaped like a pistol.
14 Officer Smith told Lanieux to place his hands behind his back. Lanieux obeyed, and Officer Smith handcuffed him. Lan-ieux complained that his heart was racing and that he needed an ambulance. He also told Officer Smith that he had taken three Ecstasy pills during the pursuit. Officer Smith called an ambulance for Lanieux, but he was unsure if it went to the scene or to the jail. Another officer took him to lockup. Officer Smith looked inside the vehicle and saw a Budweiser beer can. He noticed that the can was empty and cold to the touch and that the floor was wet and smelled like beer. However, the officer could not say whether the contents of the can had simply spilled over without Lan-ieux drinking from it.
On appeal, Lanieux argues that the trial court erred by denying his motion in li-mine to exclude the State’s cumulative and prejudicial photographs. He notes that the technician who took the photographs was not present to testify and that no other foundation was presented to show that the photographs depicted what Officer Smith described. He contends that Officer Smith’s testimony should have been sufficient to describe the circumstances of the chase and that the photographs (taken during the daytime) had a prejudicial effect in that they did not accurately depict the conditions of the chase that occurred at night. Lanieux further contends that the photographs may have influenced the jury and led the jury to convict him without sufficient other evidence. He asserts that their prejudicial effect substantially outweighed their probative value and that a reversal was warranted.
Prior to trial, the prosecutor said that he wanted to know if there were any objections to the photographs he intended to use. At the hearing, defense counsel objected to some of them as being cumulative. The prosecutor stated that the photographs had not yet been introduced and were not marked. The trial judge, the prosecutor, and defense counsel subsequently had a bench conference where they discussed the photographs.
[ r,Several of the photographs were objected to as being cumulative. The trial court granted the defense motion as to two of those photos. Regarding the others, the prosecutor replied that one of the disputed photographs showed the route when Lanieux was going against traffic. Further, the State argued that three shots of Third Street were not cumulative but, rather, showed a different speed limit sign. The court allowed one allegedly cumulative photograph, which Lanieux argued showed the same car already depicted in a second picture, in order to show the speed limit, while the second one was admissible to show the street. The trial judge then heard arguments of counsel regarding a photograph which showed a park along Third Street. After defense counsel argued that there would not have been any children in the area since the incident occurred at 12:30 a.m., the trial judge removed it.
Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less proba *609 ble than it would be without the evidence. La. C.E. art. 401. All relevant evidence is admissible, except as otherwise provided by law, and irrelevant evidence is not admissible. La. C.E. art. 402. However, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403.
Generally, photographs are admissible if they illustrate any fact, shed light upon any fact or issue in the case, or are relevant to describe the person, place, or thing depicted, subject to the test that their probative value outweighs any prejudicial effect.[2] The proper foundation for the admission of a photograph into evidence is laid when a witness having personal knowledge of the subject depicted by the photograph identifies it as such.[3] It is well settled that a photograph need not be identified by the person who took it to be admissible.[4]
Generally, an appellate court places great weight upon a trial court’s ruling on the relevancy of evidence and such a determination will not be reversed absent a clear abuse of discretion.[5]
At trial, Officer Smith testified regarding his pursuit and apprehension of Lan-ieux after he ran a stop sign. The prosecutor showed Officer Smith a photograph identified as State’s Exhibit 16, an aerial photograph of the route taken by Lanieux, and the officer testified that that photograph was an accurate depiction of the area where the pursuit took place. Following defense counsel’s objection, the trial judge allowed that exhibit for demonstrative purposes so the jury could follow along with the pursuit. The trial judge also allowed the prosecutor to use an enlargement of that exhibit so the officer could show the jury the route Lanieux took.
Officer Smith proceeded to testify again regarding the route Lanieux took using State’s Exhibits 1 through 15. Lanieux objected to the admission of these photographs. State’s Exhibits 1 through 10 depict the streets defendant traveled on to flee from the officer. State’s Exhibit 11 is a photograph of a Kenner Police Department form regarding information about the photographs. Exhibit 12 depicts the license plate of a vehicle, while Exhibit 13 depicts a brick mailbox. State’s Exhibit 14 depicts a vehicle touching the brick mailbox. State’s Exhibit 15 depicts the interior of a vehicle with a Budweiser can on the floorboard. As he was testifying, Officer Smith showed the jury on the photographs where he and Lanieux were at different points during the pursuit.
|7The cumulative nature of photographic evidence does not render it inadmissible if it corroborates the testimony of witnesses on essential matters.[6] Further, even though the photographs were taken during the day and not at night when the pursuit occurred, they were relevant to show the route Lanieux took and the area he covered as he fled from the officer. The test is whether photographic evidence shows relevant facts which will aid the jury. Photographs taken of a crime scene which reveal different conditions from *610 those existing at the time the crime occurred are admissible and any objections to such photographs go to the weight of the evidence.[7] Any differences in conditions may be developed in the evidence. Here, defense counsel elicited during his cross-examination of Officer Smith that the incident occurred at 12:30 a.m. in the dark, but that the photographs were taken in daylight conditions. He also elicited during cross-examination that the streets would have had artificial lighting as opposed to daylight when the incident occurred.
In State v. Wallis,[8] the defendant contended that the trial court erred in overruling her objections to the admission of photographs of a police car and a driveway taken during the daytime when the incident occurred at night. The defendant alleged that the photographs did not accurately depict the police car and the driveway because they were taken during daytime hours during the wrong time and season. The appellate court noted that the officer had testified that the photograph of the police car was a fair and accurate representation of the car that he was driving that night, and that the driveway photographs fairly and accurately represented the driveway as it was on the night in question, except that they were |staken during the day. The appellate court stated that there was no showing that any differences in the conditions existing at the time of the crime and the taking of the photographs rendered the photographs inadmissible and that the defendant had not demonstrated how the trial court abused its discretion in admitting the photographs into evidence.
In the instant case, Lanieux has not shown how the photographs may have prejudiced him. Further, the probative value of the photographs to show the route taken by Lanieux outweighed any possible prejudicial effect.
This assignment of error is without merit.
We have reviewed the record for errors patent, and we find none that require correction.
For the foregoing reasons, the conviction is affirmed.

AFFIRMED.

. State v. Lanieux, No. 09-CA-676, 42 So.3d 979.

. State v. Battaglia, 03-692 (La.App. 5 Cir. 11/25/03), 861 So.2d 704, writ denied, 04-1701 (La.4/29/05), 901 So.2d 1058.

. State v. Becnel, 04-1266 (La.App. 5 Cir. 5/31/05), 904 So.2d 838.

. Id.

. State v. Battaglia, supra.

. State v. Langley, 95-1489 (La.4/14/98), 711 So.2d 651.

. See, e.g., State v. McGee, 336 Mo. 1082, 83 S.W.2d 98, 107; Cash v. State, 43 Ala.App. 390, 191 So.2d 230, cert. denied, 280 Ala. 710, 191 So.2d 234 (1966); People v. Nevado 22 A.D.3d 383, 802 N.Y.S.2d 171 [2005].

. 204 S.W.3d 732, 737 (Mo.Ct.App.S.D.2006).