632 So.2d 893 (1994)
STATE of Louisiana, Appellee,
v.
Moses WILLIAMS, Appellant.
No. 25835-KA.
Court of Appeal of Louisiana, Second Circuit.
February 23, 1994.
*894 Richard J. Gallot, Jr., Ruston, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Robert W. Levy, Dist. Atty., Stephen K. Hearn, Jr., Asst. Dist. Atty., Ruston, for appellee.
Before MARVIN, LINDSAY and STEWART, JJ.
LINDSAY, Judge.
The defendant, Moses Williams, was convicted of possession of cocaine, in violation of LSA-R.S. 40:967. He was sentenced to four years at hard labor. For the reasons assigned below, we affirm the defendant's conviction and sentence.

FACTS
At about 3 a.m. on July 7, 1991, two police cars were patrolling near a low-income housing project in Ruston which was known for crack cocaine trafficking. The police officers observed two automobiles stopped side by side in the street with several men leaning into the windows of both vehicles. When the patrol cars approached them, the group of men in the street dispersed and fled. Additionally, the two automobiles began to drive away.
Officer William Picou was patrolling alone in one of the police cars. He pulled over one of the vehicles, a white Buick Riviera driven by the defendant. (The other patrol car pursued the second vehicle.) When Officer Picou asked the defendant to get out of his car, the defendant became very defensive, insisting that the men in the street had jumped in front of his car and gotten on the hood of the car. The defendant produced his driver's license, and the officer ran a check on him.
Officer Picou also ascertained the identity of the defendant's passenger, Kenzie Davis. Mr. Davis remained in the vehicle by himself while Officer Picou and the defendant stood behind the Buick and in front of Officer Picou's patrol car.
The defendant granted Officer Picou permission to search his vehicle. Since there were two suspects, Officer Picou waited until back-up units arrived to conduct the search. After again obtaining the defendant's permission to search in the presence of the other officers, Officer Picou and Lt. J.C. Hilton, Jr., a shift supervisor, then began a search of the defendant's car. Lt. Hilton discovered a gym bag behind the driver's seat. An examination of the contents of the bag revealed a matchbox containing specks of a white powdery substance. A field test of the substance (which was later confirmed by the crime lab) determined that it was cocaine. The defendant admitted ownership of the gym bag to Officer Greg Brown.
The defendant was arrested for possession of cocaine and advised of his rights. While Officer Picou was transporting him to the Lincoln Parish Detention Center, the defendant *895 admitted ownership of the gym bag and the matchbox. He also stated that he could not believe he was being arrested for such a small quantity of cocaine.
Following a jury trial, the defendant was convicted of possession of cocaine. He was sentenced to serve four years at hard labor.
The defendant filed a motion for new trial in which he alleged, among other things, that one of the jurors had failed to state during voir dire that he knew the defendant and his family. At a hearing on the motion, the defendant testified that he now remembered that he and his siblings had attended school with the juror. However, he testified that he did not know whether the juror remembered him or his siblings. Thereafter, the trial court denied the motion for new trial.
The defendant appealed. He assigned as error the following: (1) the trial court erred in allowing the state to introduce oral statements allegedly made by the defendant to Officer Picou; (2) the evidence was insufficient to support his conviction; (3) the trial court erred in denying the defendant's motion for a new trial; and (4) the defendant was denied a fair and impartial trial due to ineffective assistance of counsel.

ORAL STATEMENTS
In this assignment of error, the defendant complains of the introduction of statements which he allegedly made to Officer Picou. Although the defendant concedes that he admitted ownership of the gym bag and questioned his arrest for such a small quantity of cocaine, he denies admitting ownership of the matchbox. He further contends that the state failed to timely provide him with notice of its intent to use the statement.
The record shows that on September 11, 1991, defense counsel filed a motion to compel discovery under LSA-C.Cr.P. Art. 716, et seq. In his motion, he requested that the state produce any oral statements allegedly made by the defendant. On October 7, 1991, the state responded to the motion by providing the defendant with a copy of the police report. The report contained the defendant's statement to Officer Picou, made while en route to the detention center, in which he stated that he could not believe he was being arrested for such a small amount of cocaine. It also contained the defendant's admission to Officer Brown that the gym bag belonged to him.
On the morning of the defendant's trial, the state filed notice of its intent to use oral statements, i.e., the defendant's admissions to Officer Picou of ownership of both the gym bag and the matchbox, as well as his comments about being arrested for such a small quantity of cocaine. Upon objection by the defendant, the trial court conducted a hearing outside the presence of the jury. The assistant district attorney informed the court that he had learned about the statement pertaining to ownership of the matchbox only thirty minutes earlier and that he had promptly given the defendant notice of his intent to use the statement.
The trial court conducted an evidentiary hearing on the voluntariness of the statement, thereby rendering it unnecessary to file a motion to suppress. The court also agreed to allow defense counsel a chance to consult with his client regardless of the court's ruling.
At the hearing, Officer Picou testified that the defendant made the statements concerning ownership of the matchbox and cocaine and that the statements were free and voluntary. At the conclusion of the hearing, the trial court ruled that the statement was voluntary and admissible; it then granted a recess.
The purpose of discovery rules in criminal trials is to eliminate unwarranted prejudice from surprise testimony. State v. Toomer, 395 So.2d 1320 (La.1981); State v. Gantt, 616 So.2d 1300 (La.App. 2d Cir.1993), writ denied, 623 So.2d 1302 (La.1993).
The failure of the state to comply with the discovery procedure will not automatically command reversal. The defendant must show prejudice in order for his conviction to be reversed. State v. Gantt, supra.
Sanctions for failure to comply with discovery motions are solely within the discretion of the trial judge and reversal is warranted only when there is an abuse of discretion and *896 prejudice is shown. State v. Gantt, supra. Granting a recess to enable the defendant to prepare to meet the newly-revealed evidence may be an appropriate remedy. State v. Helaire, 496 So.2d 1322 (La.App. 3d Cir. 1986), writ denied, 503 So.2d 13 (La.1987).
The court will review the record for a determination of whether any prejudice which may have resulted from the noncompliance caused the trier of fact to reach the wrong conclusion. State v. Lewis, 535 So.2d 943 (La.App. 2d Cir.1988), writ denied, 538 So.2d 608 (La.1989), reconsideration denied, 541 So.2d 844 (La.1989), cert. denied, 493 U.S. 963, 110 S.Ct. 403, 107 L.Ed.2d 370 (1989).
Although there is a continuing duty of disclosure, there is no duty on the part of the state to disclose information which it does not possess. Therefore, exclusion of the evidence is a sanction which is not available where the state has promptly informed the defendant of the receipt of additional evidence, even though the new material is uncovered at an inopportune time for the defense. State v. Williams, 448 So.2d 659 (La. 1984); State v. Herrington, 512 So.2d 607 (La.App. 2d Cir.1987), writ denied, 516 So.2d 130 (La.1987); State v. Christopher, 561 So.2d 935 (La.App. 2d Cir.1990), writ denied, 567 So.2d 1124 (La.1990).
The record demonstrates that the state substantially complied with both LSA-C.Cr.P. Art. 716 and LSA-C.Cr.P. Art. 729.3. The state responded to the original motion by supplying the defendant with a copy of the police report. Furthermore, by notifying the defendant of the additional statements promptly after learning of them on the morning of trial, the assistant district attorney fulfilled the state's continuing duty to disclose under LSA-C.Cr.P. Art. 729.3.
There is no indication that the appellant in the instant case was prejudiced. The appellant had been informed of the state's intent to use other inculpatory statements, including his admission that he owned the gym bag, as well as a statement questioning his arrest for such a small amount of cocaine. These statements could be understood to admit ownership of the cocaine residue inside the match box, thereby implying ownership of the matchbox itself. Further, the recess granted by the trial court was sufficient to allow defense counsel to prepare to meet this evidence at trial. Even if there was a limited extent of prejudice, any prejudice which may have resulted from the late disclosure did not cause the trier of fact to reach the wrong conclusion.
See and compare State v. Fisher, 380 So.2d 1340 (La.1980), approving a one-day recess under similar circumstances. In that case, the prosecution informed the defendant on the day of the trial of a prior statement made to a police officer. Disclosure was made prior to opening arguments; the supreme court determined that the notice was given immediately upon coming into possession of it. The trial was recessed until the next day. Also see and compare State v. Helaire, supra, and State v. Herrington, supra, which involved similar facts.
This assignment of error is meritless.

SUFFICIENCY OF EVIDENCE
The defendant contends that the evidence was insufficient to support his conviction for possession of cocaine.

Law
When assessing the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged and the defendant's identity as the perpetrator of that crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Dominick, 545 So.2d 1149 (La.App. 4th Cir.1989).
The rule as to circumstantial evidence is that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438. However, this statutory rule for circumstantial evidence does not provide a separate test from the Jackson v. Virginia standard to be applied instead of a sufficiency of the evidence test whenever the state relies on circumstantial *897 evidence to prove an element of the crime. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson v. Virginia to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Spates, 588 So.2d 398 (La.App. 2d Cir.1991).
To support a conviction for possession of a controlled dangerous substance, the state must prove that the defendant was in possession of the illegal drug and that he knowingly possessed the drug. State v. Matthews, 552 So.2d 590 (La.App. 2d Cir.1989), writ denied, 559 So.2d 137 (La.1990); State v. Spates, supra.
The state need not prove that the defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. State v. Matthews, supra.
A person is in constructive possession of a controlled dangerous substance if it is subject to his dominion and control and he had knowledge of its presence, even though it is not in his physical possession. State v. Matthews, supra.
Guilty knowledge is an essential ingredient of the crime of possession of a controlled dangerous substance. State v. Newsome, 534 So.2d 87 (La.App. 3d Cir.1988), writ denied, 540 So.2d 327 (La.1989).
Mere presence in the area where narcotics are discovered is insufficient to support a finding of possession. However, the fact finder may draw reasonable inferences based upon the evidence presented at trial and may consider several factors, including the defendant's access to the area where the drug was found and the defendant's physical proximity to the drugs. State v. Matthews, supra.
A conviction for possession of controlled dangerous substances may rest on the possession of mere traces or residue of the substance. State v. Spates, supra.
It is not the function of appellate courts to reevaluate the credibility of witnesses and then proceed to overturn factual determinations of guilt. It is the province of the jury, and not that of the appellate court, to assess credibility of witnesses. State v. Lard, 568 So.2d 629 (La.App. 2d Cir.1990).
In the absence of internal contradictions or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support the requisite factual conclusion. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).

Discussion
The defendant attempts to invoke the rule regarding proof of guilt by circumstantial evidence. To this end, he contends that the evidence did not exclude "every reasonable hypothesis of innocence" because the matchbox could have been placed in his gym bag by one of the men leaning in the car window or by his passenger, Kenzie Davis, who was left in the car alone for several minutes.
Although the state's case was based partially on circumstantial evidence (the matchbox was found in the defendant's gym bag, which was behind the defendant's seat in his car), the record also contains direct evidence that the defendant admitted ownership of the matchbox to Officer Picou. Additionally, as noted previously, the defendant's statement (which he admitted) about the small quantity of drugs could be likewise perceived as an admission of ownership.
In view of these facts, we find that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the defendant guilty of possession of cocaine beyond a reasonable doubt.
This assignment of error is without merit.

MOTION FOR NEW TRIAL
The defendant claims that the trial court erred in denying his motion for new trial. The basis for the motion was the defendant's contention that a juror, Frederick Blake, had failed to inform the court during voir dire that he had attended school with the defendant and his siblings and that their fathers had worked together.
*898 LSA-C.Cr.P. Art. 851 provides, in pertinent part:
The court, on motion of the defendant, shall grant a new trial whenever:
* * * * * *
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment;...
The decision on a motion for new trial rests within the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a clear showing of abuse. State v. Harris, 597 So.2d 163 (La.App. 2d Cir.1992). The trial court is not required to grant a motion for new trial where no injustice is shown to have been done to the defendant. LSA-C.Cr.P. Art. 851; State v. Brown, 481 So.2d 679 (La.App. 1st Cir.1985), writ denied, 486 So.2d 747 (La.1986).
There is no evidence in the record, beyond the self-serving testimony of the defendant, to indicate that Mr. Blake actually knew the defendant. (In fact, the defendant's own testimony was to the effect that he did not even know Mr. Blake well enough to recognize him initially.) Furthermore, the record fails to establish that Mr. Blake ever recognized the defendant or made any connection between him and other members of the defendant's family. Thus, we are unable to say that the defendant has demonstrated that he was prejudiced in any way.
We find no merit in this assignment of error.

INEFFECTIVE ASSISTANCE OF COUNSEL
The defendant also contends that he was denied a fair trial due to ineffective assistance of counsel. Specifically, he contends that defense counsel failed to move for a preliminary examination. He also contends that his counsel failed to file a motion to suppress in response to the state's motion to use oral statements, which was filed the morning of trial.
Ordinarily, claims of ineffective assistance of counsel are more properly raised by an application for post-conviction relief filed in the trial court and upon which an evidentiary hearing may be held. This is particularly true where the claim cannot be properly assessed by the appellate court based upon the record before it. However, when such a claim may be evaluated on direct appeal and the record before the court contains the evidence necessary to evaluate the claim, the issue may be addressed in the interest of judicial economy. State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991).
The right of a defendant in criminal proceedings to the effective assistance of counsel is mandated by the sixth amendment to the United States Constitution. State v. Wry, supra; State v. Grissom, 624 So.2d 476 (La. App. 2d Cir.1993).
A claim for ineffective assistance of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that (1) his counsel's performance was deficient, and (2) the deficiency prejudiced him. To show prejudice, the defendant must demonstrate that, but for the unprofessional conduct, the outcome of the proceedings would have been different. State v. Gay, 616 So.2d 1290 (La.App. 2d Cir.1993), writ denied, 624 So.2d 1223 (La. 1993).
There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. State v. Wry, supra; State v. Grissom, supra.
The defendant's first contention of ineffective assistance of counsel is that his court-appointed attorney failed to seek a preliminary examination. However, the record shows that the state moved for such a hearing. On October 18, 1991, the scheduled date of the preliminary examination, the defendant and his court-appointed counsel appeared in court. According to the minutes, "[f]or reasons orally given, Court orders that the preliminary examination in this matter be dismissed."
*899 We note that approximately 11 days before the scheduled preliminary examination the state responded to the defendant's motion for discovery by supplying the defense with a copy of the police report. Therefore, at the time the hearing was dismissed, the defense had already obtained the information which would have been presented by the state at the preliminary examination.
The defendant also claims that defense counsel should have filed a motion to suppress his oral statements to Officer Picou after the state filed its motion to use those statements on the morning of trial. However, defense counsel requested a continuance or recess to file a motion to suppress. Instead, the trial court decided to conduct an evidentiary hearing prior to trial to determine the voluntary nature of the defendant's statements. Consequently, it was unnecessary to file a motion to suppress.
The defendant has failed to carry his burden of proving that his defense counsel was ineffective.
This assignment of error is meritless.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.