861 So.2d 704 (2003)
STATE of Louisiana
v.
Johnny P. BATTAGLIA.
No. 03-KA-692.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 2003.
*706 Holli Herrle-Castillo, Marrero, LA, for Appellant.
Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Terry M. Boudreaux, Appellate Counsel, Andrea F. Long, Counsel of Record on Appeal, Gregory M. Kennedy, Trial Counsel, Assistant District Attorneys, Gretna, LA, for Appellee.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
The Defendant, Johnny Battaglia, appeals from his conviction of indecent behavior with a juvenile and his enhanced sentence, as a second felony offender, to 10 years imprisonment, without benefit of parole, probation or suspension of sentence. For the reasons which follow, we affirm the conviction, amend the sentence, and as amended affirm it, and remand.

STATEMENT OF THE CASE
On June 2, 2000, the Jefferson Parish District Attorney filed a bill of information charging the Defendant with indecent behavior with a juvenile in violation of La. R.S. 14:81, which allegedly occurred on or about August 17, 1999. The Defendant was arraigned on June 14, 2000 and pled not guilty. The Defendant was found competent to stand trial on February 1, 2001 in a sanity hearing.
On April 30, 2002, the morning of trial, the trial court considered the Defendant's motion in limine to exclude photographs and granted it in part and denied it in part. On April 30 and May 1, 2002, the case was tried before a six person jury which unanimously found the Defendant guilty as charged. On May 21, 2002, the Defendant filed a motion for post-verdict judgment of acquittal and a motion for new trial that were denied on that same date.
On May 21, 2002, the trial court sentenced the Defendant to imprisonment at hard labor for six years. The Defendant objected to the sentence and notified the trial court of his intent to file a motion for appeal. On June 20, 2002, the Defendant filed a written motion for appeal that was granted.[1]
*707 On August 30, 2002, the State filed a habitual offender bill of information against the Defendant, charging him as a second felony offender. On October 15, 2002, the Defendant denied the allegations of the habitual offender bill of information. On December 4, 2002, the Defendant admitted the allegations of the habitual offender bill of information. The trial court vacated the original sentence and sentenced the Defendant to imprisonment at hard labor for ten years, without benefit of parole, probation, or suspension of sentence.

FACTS
At trial the State introduced evidence, primarily through the victim's testimony, that on August 17, 1999, at approximately 10:30 or 11:00 pm., at the Flower Gate Apartments in Metairie, the Defendant pulled A.C.,[2] age 16 at the time, into his apartment, locked the door, and grabbed her breast, buttocks, and between her legs. The State also introduced evidence to show that the Defendant offered A.C. $400 to have sex with him and $40 to allow him to take a photograph of her, either with or without her clothes on. A.C. refused to do either and managed to escape.
The State introduced into evidence several items found in the Defendant's apartment after the Defendant voluntarily consented to having it searched: four photographs of nude women (State's Exhibit 19one Polaroid photograph and three 35 mm photographs); a photograph of items on the counter in the Defendant's apartment, including the photographs contained in State's Exhibit 19, Yellow Pages, and a box of film (State's Exhibit 15); a Polaroid camera, and film.
The Defendant testified that A.C. voluntarily came into his apartment to adjust the volume on his stereo, that she stayed a few minutes, and then left. He denied touching her, or offering her money for sex or to pose for a picture. The Defendant testified that he had used an escort service in the past, that the Polaroid photographs found in his apartment were taken by the women from the escort service of each other for his birthday, that he did not take the Polaroid photographs, and that he and his friends found the 35 mm photographs. The Defendant admitted to having a prior conviction in 1991 for carnal knowledge of a juvenile. He also stated that he was 48 years old at the time of the alleged offense. On appeal, the Defendant assigns three errors.
Assignment of error number two will be addressed first because the Defendant asserts issues on appeal that relate to both the sufficiency of evidence and one or more trial errors, including an error regarding the erroneous admission of evidence. When that is the case, the reviewing court should first determine the sufficiency of evidence by considering all of the evidence, including evidence the trial court may have erroneously admitted. State v. Hearold, 603 So.2d 731, 734 (La. 1992); State v. Mayeux, 94-105 (La.App. 5th Cir.6/28/94), 639 So.2d 828, 834. If the appellate court determines that the evidence was insufficient, then the Defendant is entitled to an acquittal, and no further inquiry as to trial errors is necessary. However, if the appellate court finds that the totality of the evidence was sufficient to support the Defendant's conviction, it must then determine whether the trial court erred in admitting the *708 questioned evidence and, if so, whether the trial court's error requires a reversal of the conviction or was harmless. State v. Alexis, 98-1145 (La.App. 5th Cir.6/1/99), 738 So.2d 57, 64, writ denied, 99-1937 (La.10/13/00), 770 So.2d 339.

ASSIGNMENT OF ERROR NUMBER TWO
The Defendant contends that the evidence was insufficient to support the conviction of indecent behavior with a juvenile, because the only evidence against him was the testimony of the victim and there was no physical evidence to corroborate her story. The Defendant asserts further that the fact that the victim did not want to call the police, and that he cooperated with the police, supports his position that the evidence did not establish his guilt beyond a reasonable doubt. The State argues to the contrary that the evidence was sufficient to support the conviction.
The standard for appellate review of the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). Under Jackson, a review of a criminal conviction record for sufficiency of evidence does not require a court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Lapell, 00-1056 (La.App. 5th Cir.12/13/00), 777 So.2d 541, 545, writs denied, 00-3546 (La.9/14/01), 796 So.2d 675, 01-0439 (La.1/4/02), 805 So.2d 1192. A reviewing court is required to consider the whole record and determine whether a rational trier of fact would have found guilt beyond a reasonable doubt. Id.
The Defendant was convicted of a violation of La. R.S. 14:81, which provides in pertinent part:
A. Indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
Thus, to convict the Defendant of this offense, the State must prove that (1) there was an age difference of greater than two years between the accused and the victim, who was not yet seventeen, (2) the accused committed a lewd or lascivious act upon the person or in the presence of a child, and (3) that the accused intended to arouse or gratify either his own or the victim's sexual desires. State v. Stec, 99-633 (La.App. 5th Cir.11/30/99), 749 So.2d 784, 787. Specific intent need not be proven as a fact, but may be inferred from the circumstances and actions of the defendant. State v. Harrell, 01-841 (La.App. 5th Cir.2/26/02), 811 So.2d 1015, 1019.
The evidence established that A.C. was 16 years old at the time of the offense and that the Defendant was a great deal more than two years older. A.C. identified the Defendant as the man who pulled her into his apartment, locked the door, grabbed her breasts, buttocks, and between her legs on her "private." She testified that she saw four $100 bills lying on the counter, that the Defendant motioned to them and offered her $400 to have sex with him, that as they were struggling she saw Polaroid film on the counter, and that the Defendant offered her $40 to pose for a photograph. Detective Dyess and Officer Haase testified that A.C. relayed these events to them. Additionally, the officers *709 recovered photographs of nude individuals and a camera from the Defendant's apartment. The victim's testimony and the officer's corroboration of certain details of her testimony provided the necessary proof of the three elements of the offense.
Although the Defendant denied touching A.C. or offering her money for sex or to pose for a photograph, the jury apparently found the State's witnesses more credible since it returned a guilty verdict.
In the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the court, is sufficient to support a conviction. State of Louisiana in the Interest of L.A., 95-409 (La.App. 5th Cir.12/13/95), 666 So.2d 1142, 1144. In the present case, there is no internal contradiction or irreconcilable conflicts with the physical evidence. To the contrary, the physical evidence supports the victim's testimony.
Based on the foregoing, we find that, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of indecent behavior with a juvenile beyond a reasonable doubt and, thus, there was sufficient evidence to convict the Defendant of this charge. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER ONE
The Defendant argues that the trial judge erred in denying his motion in limine in part and allowing the State to introduce certain photographs into evidence (State's Exhibits 15 and 19). The Defendant contends that the photographs were not relevant and, even if considered relevant, their probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.
The State responded that the photographs were admissible to corroborate the testimony of the victim that the Defendant asked her to pose for photographs and that they provided motive for why the Defendant pulled the victim into his apartment.[3]
The photographs at issue on appeal consist of four in State's Exhibit 19, and one in State's Exhibit 15. State's Exhibit 19 included: (1) a photograph of the front of a nude woman standing with one hand on her thigh and the other hand on the wall; (2) a photograph of a nude woman sitting in a bathtub which shows her face, back, arms and legs; (3) a photograph of a nude woman standing sideways which shows her face, chest (not her breasts), left arm, with her right hand on a sponge over her breasts and soap on her body; and (4) a photograph of a nude woman standing in front of a shower curtain with a towel over the bottom portion of her body with her breasts showing. The first photograph was taken with a Polaroid camera. The other three photographs were taken with a 35 mm camera. State's Exhibit 15 is a photograph of the four photographs described above, lying on a counter next to a box of film, several pages from a Yellow Pages book, two photographs of clothed women, a box, and a glass with a small amount of dark liquid at the bottom. It is evident that something was cut from the photograph, that being several other photographs of naked women that the trial judge excised from the picture.
*710 The Defendant filed a motion in limine which requested that the trial court exclude photographs taken from the Defendant's apartment of nude women and of himself on the basis that the photographs were not of the alleged victim and had nothing to do with the case. He stated that the photographs were merely being used by the district attorney to inflame the jury, thus prejudicing them against the Defendant.
The prosecutor argued that the female victim was going to testify that the Defendant asked her to pose for photographs either with or without her clothes on. The prosecutor contended that the photographs would corroborate the victim's testimony as to one of the reasons why the Defendant pulled her into the apartment, and that it went to his intent as to why he had her in the apartment. He argued that the photographs had probative value that outweighed any prejudicial effect.
The trial judge reviewed the photographs. As the trial judge looked at the photographs, she asked the age of the individuals in the photographs. The prosecutor responded that they were individuals who the Defendant had hired from an escort service and that he did not know their ages. Defense counsel stated that the Defendant had said in his statement that none of them were juveniles and that they were prostitutes.
The trial judge stated for the record that the State had shown her 13 photographs, some showing spread legs with exposed genitalia at close range, and several with a female holding her own breasts. The trial judge chose photographs that she considered the least offensive. The trial judge stated that the bathroom photographs and the one Polaroid photograph of the naked woman standing up would be allowed. She said that she excised out all photographs of female and male genitalia and those photographs where the camera was at close range. The trial judge stated that she found those more prejudicial than probative. The trial judge explained that the photographs of the three or four naked women were not prejudicial, that the victim had made an allegation that the Defendant offered to take photographs of her, and that there was Polaroid camera film on the counter. The trial judge explained that the photographs corroborated the victim's testimony that the Defendant offered to take photographs of her. She allowed the State to proffer the other photographs. Defense counsel objected.
In State v. Isenogle, 99-1269 (La.App. 5th Cir.4/25/00), 761 So.2d 95, 102, writ denied, 00-1454 (La.3/9/01), 786 So.2d 115, this Court set forth the law regarding admissibility of photographs:
For photographs to be admissible they must first be relevant, that is, they tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. arts. 401 & 402. However, even if relevant, photographs will be excluded if the probative value of the photographs is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. La. C.E. art. 403.
In general, photographs which illustrate any fact, shed light upon any fact or issue in the case, or are relevant to describe the person, place, or thing depicted, are admissible, subject to the test that their probative value outweighs any prejudicial effect. State v. Richthofen, 01-500 (La.App. 5th Cir.11/27/01), 803 So.2d 171, 188, writ denied, 02-0206 (La.1/31/03), 836 So.2d 57. Photographic evidence is properly admitted unless it is so gruesome as to overwhelm the jurors' reason and lead *711 them to convict a defendant without sufficient evidence. Moreover, the cumulative nature of photographic evidence does not render it inadmissible if it corroborates the testimony of witnesses on essential matters. Id.
Generally, an appellate court places great weight upon a trial court's ruling on the relevancy of evidence and such a determination will not be reversed absent a clear abuse of discretion. State v. Gaal, 01-376 (La.App. 5th Cir.10/17/01), 800 So.2d 938, 950.
Based on the foregoing, we find that the trial judge exercised her discretion and restricted the number of photographs and the poses that were introduced. The photographs were relevant to corroborate A.C.'s testimony that the Defendant offered her money to pose for a photograph. The fact that the Defendant possessed numerous photographs of different nude women tended to show that the victim was telling the truth when she testified that the Defendant asked her to pose for a photograph. Therefore, the probative value of the photographs is not substantially outweighed by any possible unfair prejudicial effect that they may have created in the jury's mind.
Thus, we find no error in the trial court ruling denying the motion in limine in part and allowing the admission into evidence of a limited number of the photographs found in the Defendant's apartment. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER THREE
The Defendant argues that the trial court erred in imposing the sentence without benefit of parole. The State agrees.
The Defendant was convicted of indecent behavior with a juvenile in violation of La. R.S. 14:81. The penalty provision for that offense states:
Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided that the Defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893. La. R.S. 14:81(C).
The Defendant subsequently stipulated to being a second felony offender pursuant to La. R.S. 15:529.1, which provides that any sentence imposed under the provisions of that section "shall be without benefit of probation or suspension of sentence." La. R.S. 15:529.1(G). After the Defendant stipulated to being a second felony offender, the trial judge vacated the original sentence and sentenced the Defendant to imprisonment at hard labor for ten years without benefit of "parole," probation, or suspension of sentence. Neither La. R.S. 15:529.1 nor La. R.S. 14:81 provide that the Defendant's enhanced sentence be served without benefit of parole. Thus, we find that the trial court erred in imposing the enhanced sentence without the benefit of parole.
Accordingly, we amend the sentence to allow for the possibility of parole in accordance with the applicable sentencing provisions. State v. Chirlow, 99-142 (La.App. 5th Cir.6/1/99), 738 So.2d 679, 684-685, writ denied, 99-1996 (La.1/7/00), 752 So.2d 176.

ERROR PATENT
The record was reviewed for errors patent according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). The review reveals the following.
*712 The transcript reflects that the trial judge informed the Defendant that he had "two years from today's date to file post conviction relief," whereas the commitments indicate that the Defendant was informed he had "two years after judgment of conviction and sentence has become final to seek post-conviction relief." The language of the transcript was incorrect and the language of the commitment was correct. However, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Therefore, we find that the Defendant was not properly informed under La. C.Cr.P. art. 930.8. We remand the case for the district court to inform the Defendant of the provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of the Court's opinion and to file written proof of receipt of such notice in the record. State v. Stelly, 98-578, p. 6 (La.App. 5th Cir.12/16/98), 725 So.2d 562, 564.
We also find that, because the Defendant was convicted under La. R.S. 14:81, a "sex offense" as defined by La. R.S. 15:542(E), notification of the sex offender registration requirements is mandated. La. R.S. 15:540 et seq. However, the record does not indicate that the trial judge provided the Defendant with notification of the registration requirements of La. R.S. 15:542 as required by La. R.S. 15:543(A). Therefore, on remand, the trial court is ordered to inform the Defendant of the registration requirements of La. R.S. 15:542 by sending appropriate written notice to the Defendant within ten days of this opinion, and to file written proof in the record that the Defendant received such notice. State v. Stevenson, 00-1296 (La. App. 5th Cir.1/30/01), 778 So.2d 1165, 1166-1167.
Accordingly, for the foregoing reasons, the conviction of the Defendant for the crime of indecent behavior with a juvenile and his enhanced sentence, as a second felony offender, as amended, to ten years imprisonment at hard labor without benefit of probation or suspension of sentence are affirmed. The case is remanded to the district court to provide proof in the record of the Defendant's receipt of appropriate notice under La.C.Cr.P. art. 930.8, of the prescriptive period for post-conviction relief and, under La. R.S. 15:542, of the sex offender registration requirements.
CONVICTION AFFIRMED; ENHANCED SENTENCE AMENDED AND AS AMENDED, AFFIRMED; REMANDED.
NOTES
[1] The Defendant's motion for appeal was premature when it was filed after conviction and sentence, but before imposition of his enhanced habitual offender sentence. That procedural defect was cured by subsequent resentencing. State v. Balser, 96-443 (La.App. 5th Cir.11/14/96), 694 So.2d 351, 354.
[2] Under authority of La. R.S. 46:1844, the victim's initials will be used because she was a juvenile at the time the crime was committed.
[3] Defense counsel stated at trial that, according to the Defendant's statement, the photographs were of prostitutes and not of juveniles. She also agreed with the trial judge that the photographs were not evidence of other crimes.