BROWN, C.J.
| t A bench trial was held, following which defendant, Cartrell D. Perry, was found guilty as charged of simple burglary. Defendant received a suspended sentence under La. C.C.P. art. 893, was placed on probation for one year, and was ordered to pay a fine of $50 together with court costs.[1] Defendant has appealed his conviction. We affirm.

Facts

Early in the morning of March 20, 2004, police officers responded to a call from the manager of the EZ Mart in Oil City, Louisiana. The door of the convenience store was open and the manager was afraid that someone might be inside the building; however, no one was in the store. The store’s surveillance tape showed that at around 1:30 a.m. three men got out of a blue Chevy Blazer, and, using a long-handled bolt cutter and a pry bar, they broke into the store and took some cigarettes. The men were wearing “do rags” or knit caps and dark clothing. A similar vehicle *936 was seen by police officers in Moorings-port the next night. In the truck were four men: Melvin Falcon, Cartrell Perry (defendant), Derek Shawn Thomas, and Julius Williams. ■ They were all arrested when an officer noticed a bolt cutter in the back of the sports utility vehicle. A subsequent search of the truck also led to discovery of a pry bar.
One of the men, Derek Thomas, gave a statement a few hours after his arrest. He implicated all four men in the burglary. He said that “the prime target was to either get the money out of the safe or to take the safe.”
[^Defendant, along with co-defendants Melvin Falcon and Julius Williams, having waived trial by a jury, were tried by the court. The state called three officers who testified about the arrest, the evidence they seized, and the statement made by co-defendant, Derek Thomas. Derek Thomas’s father, the owner of the Chevy Blazer, also testified that the bolt cutter and pry bar did not belong to him and were not in the truck when he loaned it to his son.
Derek Thomas, who had a conviction for possession of an unidentifiable firearm, testified that the four men had ridden around on the day of the break-in and planned the burglary about 30 minutes before it occurred. According to Thomas, he was the person who actually cut the lock and pried open the door. He also stated that the men had planned to take the safe, but that the safe was too heavy to be lifted, so they just grabbed some cigarettes. Thomas testified that defendant, Cartrell Perry, stayed in the Blazer during the burglary.
At the close of the prosecution’s case, counsel for all three defendants moved to dismiss the charges for insufficiency of the evidence.[2] The motion was denied. Thereafter, the judge found all three men guilty.

Discussion

On appeal, defendant’s argument relates to the sufficiency of the evidence as to his involvement in the burglary.
The proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most | ^favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const, art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.05/08/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, State ex rel. White v. State, 98-0282 (La.06/26/98), 719 So.2d 1048.
A conviction may be based on the uncorroborated testimony of an accomplice even if the prosecution has offered him inducements, provided the testimony is not *937 incredible or otherwise insubstantial on its face. State v. Neal, 00-0674 (La.06/29/01), 796 So.2d 649; State v. Hopkins, 39,258 (La.App.2d Cir.03/02/05), 897 So.2d 854.
Testimony from Derek Thomas supports the court’s conclusion that defendant participated in the commission of this crime. Clearly Thomas hoped to gain by testifying; however, his testimony was corroborated by the video tape which showed three men getting out of the Blazer and breaking |4into the building. Further, the next night all four of the participants, including defendant, were found in the Blazer with a bolt cutter and pry bar.
The record contains nothing which would show that the trial court erred in finding Thomas to be a credible witness. Thomas testified that at the time he committed this crime, he was out on parole for “possession of an altered firearm,” and his statements implicate himself as well as the others. In short, issues of credibility rest with the trier of fact. There is nothing to indicate that, even if Thomas was hoping to benefit from testifying for the state, the testimony he gave was untruthful.
Defendant emphasizes that he stayed in the Blazer. He argues that it is reasonable to conclude that he was not a participant in the burglary but simply was in the wrong place at the wrong time. One problem with this line of reasoning, however, is that the law of principals does not require participation in the actual crime. Louisiana Revised Statute 14:24 provides that:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
Derek Thomas testified that all of the men, including defendant, planned and took some part in the break-in. The prosecutor asked Thomas whether defendant ever indicated that he did not want to be involved in the burglary. Thomas’s response was “no.” Defendant’s attorney’s explanation that defendant was stuck far from home when the others decided to commit the crime is unconvincing, particularly because defendant was arrested the following evening with the same three men in the same vehicle used in the |sburglary the previous night. They also had in the truck that second night a bolt cutter and a pry bar.
The state proved through the testimony of Derek Thomas that defendant knowingly participated in the planning of the crime and accompanied his co-defendants to the crime scene. The evidence is sufficient to support a finding that defendant participated in the planning and perpetration of this burglary.
Defendant also urges that the trial court erred in allowing testimony of an officer concerning tennis shoes worn at the time of arrest by a co-defendant. In answer to a question on cross-examination, Oil City Police Officer Paul Hough disclosed that other evidence to connect co-defendant Julius Williams to the crime was the tennis shoes he was wearing at the time of his arrest which looked like those worn by one of the perpetrators as shown in the surveillance tape. In response to this cross-examination, the prosecutor asked the officer questions on redirect about the shoes. Defense counsel for co-defendant Williams objected to the questioning, stating that he had not been notified that the shoes had been confiscated or that the state intended to introduce them into evidence. Counsel further complained that he had not been able to view the surveillance tape.
The prosecutor admitted that he had failed to disclose the information about the *938 tennis shoes and asserted that it was not his fault that the surveillance tape could not be viewed except on certain types of equipment. The court found that the lack of notice had not caused any prejudice to the ^defense, then offered to recess the trial. Counsel for co-defendant Williams, however, declined to have the trial delayed.
• The trial resumed and Officer Hough’s testimony about the “very distinguishable” black and white tennis shoes continued. The shoes were admitted into evidence as exhibit S-6. Officer Hough’s statement regarding the link between the distinctive black and white shoes corroborated Derek Thomas’s testimony that Julius Williams was at the scene of the crime. Because it corroborated Derek Thomas’s testimony, it could have increased Thomas’s credibility about defendant’s participation. Considering all the other evidence, we find that the testimony regarding the tennis shoes is merely cumulative.
The purpose of discovery rules in criminal trials is to eliminate unwarranted prejudice from surprise testimony. State v. Toomer, 395 So.2d 1320 (La.1981); State v. Williams, 25,835 (La.App.2d Cir.02/23/94), 632 So.2d 893; State v. Gantt, 616 So.2d 1300 (La.App. 2d Cir. 1993), writ denied, 623 So.2d 1302 (La.1993). The failure of the state to comply with the discovery procedure will not automatically warrant reversal. The defendant must show prejudice in order for his conviction to be reversed. Id. Sanctions for failure to comply with discovery motions are solely within the discretion of the trial judge and reversal is warranted only when there is an abuse of discretion and prejudice is shown. Id.
We find no error on the part of the trial court in its conclusion that any prejudice suffered was unsubstantial or that the trial court’s remedy was sufficient.

17Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.

. As a special condition of his probation, defendant was given the option of paying a $50 per month supervision fee or performing two days of community service work.

. At this stage of the bench trial, the proper procedure would have been a motion for acquittal under La. C. Cr. P. art. 778.