929 So.2d 281 (2006)
STATE of Louisiana, Plaintiff-Appellant,
v.
Larry Gerard HALL, Defendant-Appellant.
No. 40,824-KA.
Court of Appeal of Louisiana, Second Circuit.
April 26, 2006.
Rehearing Denied May 11, 2006.
*283 Louisiana Appellate Project by Mary Constance Hanes, Paula Corley Marx, for Defendant-Appellant.
Paul Joseph Carmouche, District Attorney, Jason Trevor Brown, Assistant District Attorney, for Plaintiff-Appellant.
Before STEWART, CARAWAY and DREW, JJ.
DREW, J.
Larry Gerard Hall was convicted at bench trial of unauthorized entry of a place of business, La. R.S.14:62.4, adjudicated a fourth felony habitual offender, and sentenced to eight years at hard labor, without benefit of probation or suspension of sentence. Both the defendant and the state appeal. We affirm in all respects.

FACTS
On Sunday afternoon, August 1, 2002, a silent alarm sounded at Berg, Inc., a plumbing, heating and air conditioning business, which was completely surrounded by an eight-foot fence, most of it topped with barbed and razor wire. Security officer David Semon responded to the alarm and spotted an intruder removing two armloads of copper pipe from inside a Berg building. The man threw a third load over the fence. Approaching to within five feet of the man, Semon asked him if *284 he was a Berg employee.[1] The culprit threw down the pipe and ran for approximately 150 yards. Semon saw the man jump over the fence and run across an open field, where he witnessed the man's apprehension by Shreveport police officers. Semon testified that he never lost sight of the man at any time before his arrest.
When Officer Barry Hornsby and Corporal S.W. Plunkett of the Shreveport Police Department first arrived at the scene, they observed a black male moving pipes around inside the fenced-in area of the Berg property. They then observed him run and jump over the fence. Corporal Plunkett pursued the man on foot while Officer Hornsby drove the police car one block north, where they arrested him. The defendant was identified by both officers at trial as the same man they arrested.
The defendant was never given permission to be inside the Berg, Inc. property, and did not present any witnesses at trial.
Hall was charged with unauthorized entry of a place of business, La. R.S. 14:62.4. He waived his right to trial by jury and was convicted as charged. The state successfully adjudicated Hall as a fourth felony habitual offender. The defendant filed a motion to deviate from the minimum fourth felony habitual offender sentence. The state presented no evidence in opposition to this motion.
At the sentencing hearing, the learned trial court found that the minimum sentence of imprisonment for 20 years was constitutionally excessive under the circumstances of this habitual offender proceeding. Hall was sentenced to eight years at hard labor, without benefit of probation or suspension of sentence, and with credit for time served. Both defendant and state now appeal. We affirm.

Sufficiency of the Evidence
Defendant argues that the state failed to prove an element of the offense of unauthorized entry of a place of business because it was not proven that the barrier surrounding the business was at least six feet high. We disagree.
The defendant was convicted of unauthorized entry of a place of business, a violation of La. R.S. 14:62.4(A), which provides:
Unauthorized entry of a place of business is the intentional entry by a person without authority into any structure or onto any premises, belonging to another, that is completely enclosed by any type of physical barrier that is at least six feet in height and used in whole or in part as a place of business.
The law on reviewing convictions for sufficiency of the evidence is clear.[2]
*285 A review of this sparse record clearly reveals that, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of unauthorized entry of a place of business proven beyond a reasonable doubt. At least three of the state's witnesses testified that the fence enclosing the business was at least six feet tall. Apparently the trial judge believed these witnesses. The defense does not argue that the remaining elements of the crime were not sufficiently proved.

Photographs
On direct examination during the testimony of Robert Hamm, C.E.O. of Berg, Inc., the state offered into evidence four photographs of the fence that Mr. Hamm had taken. Defendant timely objected, complaining that the photographs were not provided during discovery. Indeed the photographs were not produced until the commencement of trial, as the state related that it had only received the photos on the morning of trial. The defense was allowed to examine the photos. After argument, the court allowed the photos to be introduced into evidence. These photos were forwarded with the record for appellate review.
Although the trial court noted its concern at the untimeliness of the state in turning over evidence, it held that the probative value of the photographs outweighed any prejudicial effect caused by the untimely provision of the photos.
Defendant argues that:
1. the photographs were not representative of the entire fence;
2. the photographs were not merely illustrative, but were presented to prove that the fence surrounding the business was six feet high; and
3. it was reversible error for the trial court to admit the photographs.
All relevant evidence is admissible, except where limited by law. La. C.E. art. 402. Relevant evidence is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401. Although relevant, evidence may nonetheless be excluded if the probative value is substantially outweighed by its prejudicial effect. La. C.E. art. 403. A trial judge's determination regarding the relevancy and admissibility of evidence will not be overturned on appeal absent a clear abuse of discretion. State v. Myles, 04-677 (La.App. 5th Cir.1/25/05), 894 So.2d 515.
Photographs are generally admissible if they illustrate any fact, shed any light upon an issue in the case, or are relevant to describe the person, thing or place depicted, assuming that their probative value outweighs any prejudicial effect. See State v. Hopkins, 39,730 (La.App.2d Cir.8/17/05), 908 So.2d 1265; State v. Battaglia, 03-692 (La.App. 5th Cir.11/25/03), 861 So.2d 704, writ denied, 04-1701 (La.4/29/05), 901 So.2d 1058.
The trial court has great discretion in admitting photographs into evidence, and the court's ruling will not be disturbed absent an abuse of that discretion. State v. Hopkins, supra.
*286 A review of the record reveals that the trial court did not abuse its great discretion in admitting the photographs into evidence. The photos of the fence shed some light on the issue of whether the fence was at least six feet in height and is therefore relevant to an element of the crime of unauthorized entry of a place of business. However, considering that several witnesses testified as to the height of the fence, the photographs were merely cumulative as to this issue, with little or no prejudicial effect. See La. C.E. arts. 401, 403; State v. Battaglia, supra.
The purpose of discovery rules in criminal trials is to eliminate unwarranted prejudice from surprise testimony. State v. Toomer, 395 So.2d 1320 (La.1981); State v. Williams, 25,835 (La.App.2d Cir.2/23/94), 632 So.2d 893.
The failure of the state to comply with the discovery procedure will not automatically command reversal. The defendant must show prejudice in order for his conviction to be reversed. State v. Williams, supra.
Although there is a continuing duty of disclosure, there is no duty on the part of the state to disclose information which it does not possess. Exclusion of the evidence is not an appropriate sanction where the state has promptly informed the defendant of the receipt of additional evidence, even though the new material is uncovered at an inopportune time for the defense. See State v. Craig, 95-2499 (La.5/20/97), 699 So.2d 865, cert denied, 522 U.S. 935, 118 S.Ct. 343, 139 L.Ed.2d 266 (1997); State v. Williams, 40,381 (La. App.2d Cir.12/14/05), 916 So.2d 1285.
By notifying the defendant of the photographs promptly after learning of them on the morning of trial, the state marginally fulfilled its continuing duty to disclose.

The Sentence
The state asks us to vacate this sentence, citing the Habitual Offender Law, La. R.S. 15:529.1A(1)(c)(i) and applicable jurisprudence. It argues that the defendant failed to show by clear and convincing evidence that he is an exceptional defendant who, because of unusual circumstances, is a victim of the legislature's failure to assign sentences that are meaningfully tailored to his culpability, the gravity of the offense and the circumstances of the case. The state summarizes the trial court's reasons for sentencing and asserts that it failed to articulate any reasoning to support a downward departure from the statutorily minimum sentence. It concludes that the defendant's sentence is illegally lenient and should be vacated and remanded for resentencing.
After the defendant was adjudicated a fourth felony habitual offender, defendant filed a motion to deviate downward from the minimum 20 years required by the adjudication, pointing out that Hall had no convictions for violent crimes.
At the sentencing hearing,[3] the state declined to present any argument or evidence. The trial court noted the defendant's history of victimizing businesses and business owners, which it stated was cause for great concern, observing that the defendant had a tendency to commit an offense, serve his time, get out of prison and then commit another similar offensenoting that this "repeat offender" behavior is the reason for habitual offender laws. However, the trial court concluded that the minimum sentence of imprisonment for 20 years was constitutionally excessive under the instant circumstances. The trial court *287 cautioned the defendant that it takes sentencing very seriously, but then sentenced the defendant to serve eight years at hard labor, without benefit of probation or suspension of sentence, with credit for time served. Though the state objected to the sentence and announced the intention to seek supervisory review, it nonetheless then dismissed yet another charge against Hall. The trial court then noted that the state never indicated to the court what sentence it would support, despite the court requesting input on that issue.
In this case, the mandated sentence under La. R.S. 15:529.1(A)(1)(c)(i) for a fourth felony habitual offender is as follows:
* * *
(c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life;

* * *
(Emphasis added.)
Since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Grant, 39,102 (La.App.2d Cir.12/15/04), 890 So.2d 689, writ denied, XXXX-XXXX (La.1/13/06), 920 So.2d 233.
Although the supreme court stated in State v. Dorthey, 623 So.2d 1276 (La.1993) that courts have the power to declare a mandatory minimum sentence excessive under Art. I, § 20 of the Louisiana Constitution, this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. State v. Grant, supra.
In order to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Johnson, 709 So.2d at 676 (citing Judge Plotkin's concurrence in State v. Young, 94-1636 (La.App. 4th Cir.10/26/95), 663 So.2d 525, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof that the defendant committed the other offenses. State v. Jones, 31,569 (La.App.2d Cir.12/9/98), 724 So.2d 810.
A trial judge may not rely solely upon the nonviolent nature of the instant or past crimes to justify rebutting the presumption of constitutionality. The lack of violence cannot be the only reason, or *288 even the main reason, for declaring such a sentence excessive. State v. Lindsey, 99-3256 (La.10/17/00), 770 So.2d 339; State v. Johnson, supra; State v. Wade, 36,295 (La.App.2d Cir.10/23/02), 832 So.2d 977, writ denied, 2002-2875 (La.4/4/03), 840 So.2d 1213.
The thin justification announced by the trial court as support for its downward deviation comes close to running afoul of these jurisprudential rulings. However, this truncated record[4] tepidly supports the trial court's deviation from the mandatory minimum sentence. In addition to the non-violent nature of the defendant's previous crimes, the trial court articulated that its deviation from the mandatory minimum sentence was based on the circumstances regarding the (presumably lack of) gravity of the current offense. Though this is a drastically lenient sentence, we still cannot say that the learned trial court abused its great discretion in imposing sentence, based on what we do and do not have before us.

DECREE
The conviction and sentence are AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, CARAWAY, DREW and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Semon testified that he got a very clear look at the man.
[2] When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.

This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writs denied, 96-1459 (La.11/15/96), 682 So.2d 760, 98-0282 (La.6/26/98), 719 So.2d 1048.
[3] Slightly over three pages of transcript, including the sentencing itself.
[4] The record is devoid of a pre-sentence investigation, and apparently all sentencing exhibits have been lost.