PER CURIAM.
Granted. The record at sentencing does not show clearly and convincingly that the mandatory minimum sentence for a fourth offender required by La.R.S. 15:529.1(A)(l)(e)(I) is unconstitutional as applied to defendant in the present case. The trial court erred in failing to afford the presumption of constitutionality to the mandatory minimum sentence required by the Habitual Offender statute, and the court of appeal erred in deferring to the sentencing discretion of the judge on a record devoid of facts and circumstances demonstrating that defendant is an exceptional victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the crime. See State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. Defendant’s sentence of eight years at hard labor is vacated and this case is remanded to the district court for resen-tencing. The district court may deem it appropriate to order a presentence investigation, see La.C.Cr.P. art. 875(A), and to hold a hearing on defendant’s motion to deviate from the minimum term mandated *174 by La.R.S. 15:529.1(A)(l)(c)(I) before imposing sentence.
JOHNSON, J. would deny the writ.