969 So.2d 827 (2007)
STATE of Louisiana, Appellee
v.
Larry Gerard HALL, Appellant.
No. 42,767-KA.
Court of Appeal of Louisiana, Second Circuit.
November 21, 2007.
Louisiana Appellate Project by Mary Constance Hanes, for Appellant.
Paul Joseph Carmouche, District Attorney, William Jacob Edwards, John Ford McWilliams, Jr., Assistant District Attorneys, for Appellee.
Before CARAWAY, DREW and MOORE, JJ.
DREW, J.
Larry Gerard Hall was adjudicated a fourth felony offender and sentenced to *828 the statutory minimum of 20 years at hard labor without benefit of probation or suspension of sentence. He now appeals, asserting that the trial court erred in failing to order a presentence investigation report and in failing to conduct an evidentiary hearing so that he could show that he is the exceptional defendant for whom departure from the mandatory minimum 20-year sentence is appropriate.
We affirm the sentence ordered by the learned trial court.

FACTS
As more fully detailed in our previous opinion in State v. Hall, 40,824 (La.App.2d Cir.4/26/06), 929 So.2d 281, Hall was convicted in a bench trial of unauthorized entry of a place of business, La. R.S. 14:62.4, adjudicated a fourth felony habitual offender, and sentenced to eight years at hard labor, without benefit of probation or suspension of sentence. We affirmed in all respects, but the Louisiana Supreme Court reversed in a per curiam opinion. State v. Hall, XXXX-XXXX (La.1/12/07), 946 So.2d 173. The supreme court stated:
The record at sentencing does not show clearly and convincingly that the mandatory minimum sentence for a fourth offender required by La. R.S. 15:529.1(A)(1)(c)(i) is unconstitutional as applied to defendant in the present case. The trial court erred in failing to afford the presumption of constitutionality to the mandatory minimum sentence required by the Habitual Offender statute, and the court of appeal erred in deferring to the sentencing discretion of the judge on a record devoid of facts and circumstances demonstrating that defendant is an exceptional victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the crime. See State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. Defendant's sentence of eight years at hard labor is vacated and this case is remanded to the district court for resentencing. The district court may deem it appropriate to order a presentence investigation, see La.C.Cr.P. art. 875(A), and to hold a hearing on defendant's motion to deviate from the minimum term mandated by La. R.S. 15:529.1(A)(1)(c)(i) before imposing sentence.
Id., 946 So.2d at 173-4.
On remand, the district court held a hearing at which Hall and his counsel were present for resentencing. Hall's counsel again made the argument that Hall's previous crimes were not violent crimes and that there should be a downward deviation from the mandatory minimum 20-year sentence. The trial court stated that it still believed the appropriate sentence to be eight years at hard labor without benefit of probation or suspension of sentence, considering that Hall's previous criminal history consisted of property crimes and no violent crimes. After noting Hall's age of 55, however, the court then stated:
This matter came back to me from the Supreme Court and at this time the Court sentences Mr. Hall to 20 years at hard labor without benefit of probation or suspension of sentence, which is the minimum sentence under the fourth felony habitual offender law.
At no time did defense counsel complain of the absence of a presentence investigation, attempt to introduce any evidence, or attempt to make any argument, other than that noted above, in favor of a downward departure.
Hall's counsel filed a motion to reconsider the sentence and deviate from the mandatory sentence alleged to be constitutionally excessive and grossly out of proportion to the seriousness of the offense. *829 The specific reasons set forth in the motion again were that even though Hall, who was 55 years old, had been convicted as a fourth felony offender, he had been convicted predominantly of property offenses and not of any violent offense. The trial court denied the motion without a hearing. This appeal followed.

DISCUSSION
In State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, the defendant was sentenced to 30 months at hard labor despite the mandatory minimum sentence of 20 years for a fourth felony offender under the Habitual Offender Law. The supreme court vacated and remanded, and in doing so, stated:
A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality.
A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality. While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. La. R.S. 15:529.1 provides that persons adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a "crime of violence" under La. R.S. 14:2(13). Thus the Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences. So while a defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive.
(Citations omitted.) Id., 97-1906 at pp. 7-8, 709 So.2d at 676.
In State v. Armstrong, 32,279 (La. App.2d Cir.9/22/99), 743 So.2d 284, writ denied, 99-3151 (La.4/7/00), 759 So.2d 92, Armstrong was convicted of second degree murder and sentenced to the mandatory life sentence. One of Armstrong's assignments of error on appeal was that the trial court erred in failing to order a presentence investigation report in order to obtain more information from collateral sources about him and, thus, make a fully informed decision regarding his sentence. We held that a presentence investigation may be ordered by the trial court, but such an investigation is not mandatory.[1] This court noted that the record did not reflect that a presentence investigation had been requested prior to the date of sentencing and that no objection was made at the time of the sentencing. This court also stated that a presentence investigation would not have abrogated the legal obligation of the judge to impose the mandatory sentence.
Hall argues that the trial court erred in failing to order a presentence investigation report and in failing to conduct an evidentiary hearing to allow him *830 the opportunity to prove that he is an exceptional defendant for whom departure from the mandatory minimum 20-year sentence is appropriate. However, as in Armstrong, supra, the record does not reflect either that a presentence investigation was requested before the date of sentencing, or that an objection was made at the time of sentencing. Furthermore, we observe that the trial court in no way prohibited defendant from making any argument in favor of a downward departure and gave no indication that the court would not have allowed evidence to be presented in favor of any such argument. We also observe that the only factor argued by defendant, aside perhaps from his age, was the non-violent nature of his prior crimes, a factor that the supreme court in Johnson, supra, rejected as a sole basis for rebutting the presumption of constitutionality necessary for departing from the minimum sentence.

CONCLUSION
From our review of this record, we detect:
 no abuse of discretion in the trial court's decision not to order a presentence investigation, especially when none was requested; and
 no reason why the court should have taken evidence, especially when none was offered and when the only argument was that proffered before, i.e., that his many offenses were non-violent property crimes.
We previously affirmed the defendant's conviction. We now AFFIRM his sentence.
NOTES
[1] See La. C. Cr. P. art. 875, which states that the court may order the Department of Public Safety and Corrections to make a presentence investigation.